**NOT FOR PUBLICATION**

FILED

MAR 12 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RE/MAX MEGA GROUP, a California corporation,<br><br>    Plaintiff - Appellant,<br><br>  v.<br><br>MAXUM INDEMNITY COMPANY, a Delaware corporation,<br><br>    Defendant - Appellee. | No. 11-55142<br><br>D.C. No. 2:09-cv-06310-DDP-CT<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Dean D. Pregerson, District Judge, Presiding

Argued and Submitted March 6, 2012
Pasadena, California

Before: FARRIS, CLIFTON, and IKUTA, Circuit Judges.

The district court did not abuse its discretion by striking plaintiff Re/Max

Mega Group's opposition to summary judgment, which was filed two to three days

late in an improper format, after Re/Max had been admonished by the district court

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

for filing its opposition papers late once before and warned that any future opposition must be timely filed. *See Cusano v. Klein*, 264 F.3d 936, 950–51 (9th Cir. 2001). Rather than granting summary judgment as "a mere sanction for noncompliance with local rules," *Martinez v. Stanford*, 323 F.3d 1178, 1182 (9th Cir. 2003), the district court reviewed the evidence in the record and determined that defendant Maxum Indemnity Company had met its burden under Federal Rule of Civil Procedure 56(a) of demonstrating that there was no genuine dispute as to any material fact and that Maxum was entitled to judgment as a matter of law. *See Cusano*, 264 F.3d at 950–51; *cf. Marshall v. Gates*, 44 F.3d 722, 725 (9th Cir. 1995). The district court was not required to consider whether Re/Max's delay in filing constituted "excusable neglect" under Federal Rule of Civil Procedure 60(b) because a district court need not consider Rule 60(b) issues *sua sponte* when the moving party "failed to advance any argument . . . that might conceivably fall within any of the enumerated factors under Rule 60(b)." *See Am. Ironworks & Erectors, Inc. v. N. Am. Constr. Corp.*, 248 F.3d 892, 899 (9th Cir. 2001).

Even if the district court abused its discretion by striking Re/Max's opposition, any error was harmless because the district court did not rely on any disputed issues of material fact or ignore any meritorious legal arguments in reaching its decision. On the undisputed facts, Re/Max had notice of third-party

plaintiff Suk Young Yoo's letters as of early March 2007 at the latest and yet did not report them until late May at the earliest, almost two months after the thirty-day reporting deadline had passed. Yoo's letters were claims within the meaning of the policy because they asserted that Re/Max was liable for negligence and fraud, threatened suit, requested mediation, and included a copy of a civil complaint for damages; they therefore constituted written demands for money or services.

The policy is neither inconsistent nor ambiguous in limiting coverage to claims reported as soon as practicable, but in no event later than thirty days after notice to the insured. *See Pac. Emp'rs Ins. Co. v. Superior Court*, 270 Cal. Rptr. 779, 781–83 (Ct. App. 1990). Maxum did not waive the thirty-day reporting requirement by failing to mention it when Maxum denied Re/Max's claim, especially given that Maxum expressly stated it did not intend to "waive any other rights or privileges under the terms and conditions of [the] policy," and that Maxum did not know at the time that Re/Max had been on notice of Yoo's claim since early March. *See Waller v. Truck Ins. Exch., Inc.*, 900 P.2d 619, 635–36 (Cal. 1995). Re/Max's argument based on equitable estoppel also fails because Re/Max has not presented any evidence that Maxum induced Re/Max's belated

3

reporting or that Re/Max relied to its detriment on Maxum's initial ground for denial. *See id.* at 637–38.

Finally, because Re/Max raised the equitable excuse doctrine and the notice-prejudice rule for the first time in its reply brief, these arguments have been waived. *See Liberal v. Estrada*, 632 F.3d 1064, 1072 n.6 (9th Cir. 2011); *Eberle v. City of Anaheim*, 901 F.2d 814, 818 (9th Cir. 1990).

**AFFIRMED.**